McNABB *v.* DELTA COUNTY SUPERVISORS.

1. HIGHWAYS AND STREETS—REMOVAL OF COMMISSIONERS—PERSONAL USE OF COUNTY PROPERTY—PAYMENT.

In proceedings to remove county road commissioner, claim that issue as to whether he had received and not paid for tarvia and services rendered him at his residence was not raised at hearing before the board of supervisors *held,* without merit, where he had ample notice and opportunity to meet and refute

the charge of using county road commission property for his personal use (1 Comp. Laws 1929, § 3981; § 3985, as amended by Act No. 139, Pub. Acts 1945).

2. APPEAL AND ERROR—REMOVAL FROM OFFICE—WITHDRAWN CHARGES AND COUNTERCHARGES.

Withdrawn charges and countercharges made in proceedings to remove county road commissioner from office have no bearing on the outcome of such commissioner's appeal from order of removal.

3. HIGHWAYS AND STREETS—REMOVAL OF COMMISSIONERS—USE OF PUBLIC PROPERTY FOR PRIVATE PURPOSES—EVIDENCE.

Finding of board of supervisors that appellant member of board of county road commissioners had used public property for his private purposes without payment therefore was supported by evidence and justified order of removal (1 Comp. Laws 1929, § 3981; § 3985, as amended by Act No. 139, Pub. Acts 1945).

4. COSTS—BRIEFS.

No costs are allowed appellee on affirmance of judgment where it did not file a brief in Supreme Court.

REID and DETHMERS, JJ., dissenting.

Appeal from Delta; DesJardins (George W.), J., presiding. Submitted June 5, 1947. (Docket No. 37, Calendar No. 43,599.) Decided December 3, 1947.

Certiorari by Marcus McNabb against Board of Supervisors of Delta County to review its action in removing plaintiff from office of County Road Commissioner. From judgment affirming defendant board, plaintiff appeals. Affirmed.

*Herbert J. Rushton* (*Glenn W. Jackson,* of counsel), for plaintiff.

BOYLES, J. In March, 1946, while plaintiff Marcus McNabb was a member of the board of county road commissioners of Delta county, charges were preferred against him and the other two members of the commission, and a petition for their removal was filed with the county board of supervisors. A

hearing was held by the board and many witnesses sworn. One of the charges against McNabb was that he had used property belonging to the county road commission for his personal use. In the petition for removal filed with the board of supervisors, charge No. 7 was as follows:

"That Commissioner Marcus McNabb has been guilty of violation of law and public confidence in that he has used property belonging to the Delta county road commission for his personal use, in the furtherance of his own private business as surveyor, to the expense of the county and the detriment of its citizens."

Except as to the charge of using county property for his personal use, all other charges were finally abandoned as to McNabb, and were not sustained as to the other two commissioners. As to the charge that McNabb used county property for his personal use, a witness who was sworn at the hearing before the board of supervisors, who had been an employee of the board of county road commissioners for upwards of 20 years, testified that he and other employees of the commission had cleaned McNabb's driveway, spread tar and gravel (tarvia pavement) thereon, also dug about 18 inches around the entire wall of McNabb's house and spread tar on the wall. It is admitted that the tar came from the county road commission. These facts are not denied and there is no testimony that McNabb ever reimbursed the county road commission for the labor and material. On the basis of the testimony thus adduced before it, the board of supervisors voted to remove McNabb as a county road commissioner.

In his brief, McNabb concedes that a hearing was held before the board of supervisors on these charges, including the specific charge No. 7, but raises the following question:

"Was the issue of petitioner and appellant's receiving and not having paid for tarvia and services rendered to him at his residence, within the scope of the charges preferred and such an issue as he was then required to meet?"

McNabb now claims that he "was wholly unaware that he had to meet such an issue." There is no merit in the claim. He had ample notice and opportunity to meet and refute the charge of using county road commission property for his personal use. This issue as to whether he had paid the county for such labor and material was indirectly brought out in testimony before the board of supervisors. The engineer for the county road commission testified that he did not know of "any work done for private individuals" that had not been billed and paid for. McNabb now claims that he could have easily met the issue of nonpayment if it had been raised. Payment for the labor and material was undoubtedly a matter of defense to the charge of using county property for his own personal use. McNabb now makes no claim of newly-discovered evidence, but in effect seems to claim that he overlooked the opportunity to meet the charge. The use of county labor and material was specifically charged, testimony in support of the charge was adduced, McNabb had ample notice of the charge and opportunity to meet it, and there is no merit in his present claims.

Upon the entry of the order for his removal, McNabb filed a petition in the circuit court for Delta county for a writ of certiorari directing the board of supervisors to certify the proceedings to said court, and praying that the removal be declared void and of no effect. No question was raised in the circuit court or here, as to the applicability of certiorari to the circumstances. Circuit Judge Des

Jardins, sitting in Delta county, upheld. the validity of the removal and McNabb appeals. Appellant here claims that the issue of his receiving and not paying for the tarvia and services rendered to him · at his residence was not within the scope of the charges preferred and that the testimony was not sufficient to support the court's order affirming the removal.

The charges and countercharges of union influence which were withdrawn have no bearing on the outcome of this appeal. The circuit judge concluded as follows:

"Under our statute * the board of supervisors, by majority vote, had a right to remove this commissioner for cause. He could not be [*sic*] capiasly (capriciously) removed, nor could he be removed on trivial or technical grounds. If he is removed at all he must be removed for cause, and a cause that is charged and a cause upon which he had a hearing. The cause must. be something which in a material way affects the rights and interests of the public and affecting the administration of his office. * * * The court has no power to correct anything that the board of supervisors may have legally done. Obviously if materials were used on a private property of the commissioner, without compensation, whether the value is five dollars or five hundred dollars, it is a violation of the statute,† and is in violation of his oath of office. It can not be called technical. It cannot be called trivial. The board of supervisors obviously believed that the testimony of this witness was right. Mr. McNabb did not see fit to deny it. No evidence was presented which would convince anyone that it was paid for. The court can do nothing but hold that the board of

---

* See 1 Comp. Laws 1929, § 3981 (Stat. Ann. § 9.106). .

† See 1 Comp. Laws 1929, § 3985, as amended by Act No. 139, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 3985, (Stat. Ann. 1945 Cum. Supp. § 9.110).

supervisors had a right to remove from office any man using public property for private purposes.''

The judgment and order from which this appeal is taken was as follows:

''Therefore it is ordered and adjudged that the removal of the said Marcus McNabb as such member of the board of county road commissioners, be in all things confirmed and stand in full force and effect.''

The findings are supported by the testimony. Appellant had ample notice of charge No. 7 and opportunity to refute it; the charge was proven by the testimony before the board of supervisors, and the order of removal is affirmed. No costs, appellee not having filed a brief in this Court.

Butzel, Bushnell, Sharpe, and North, JJ., concurred with Boyles, J. Carr, C. J., concurred in the result.

Dethmers, J. (*dissenting*). I do not concur in the opinion of Mr. Justice Boyles.

1 Comp. Laws 1929, § 3981 (Stat. Ann. § 9.106) provides in part as follows:

''But a county road commissioner so appointed shall not be removed from office before the expiration of his term of office without being given due written notice of the charges made against him and an opportunity to appear before the board of supervisors for a hearing thereon.''

The court below properly construed this statutory provision as requiring that:

''If he (plaintiff) is removed at all he must be removed for cause, and a cause that is charged and a cause upon which he had a hearing.''

The cause charged in the written notice to plaintiff was that:

"He has used property belonging to the Delta county road commission for his personal use, in the furtherance of his own private business as surveyor, to the expense of the county."

The proofs forming the basis for plaintiff's removal were that he used tar which came from the county road commission on the driveway and basement wall of his residence. The record is silent on the matter of plaintiff's payment or nonpayment therefor.

These proofs fail to establish or support either of the two elements contained in the written charge, *viz.*: (1) that plaintiff used road commission property for his personal use *in furtherance of his own private business as surveyor,* or (2) that such use was *"to the expense of the county."*

If such proofs, without a showing of nonpayment, establish any offense warranting plaintiff's removal, the offense is one which was not charged in the written notice.

With the charge as made not proved and the matters proved not charged, the order of removal should be reversed, with costs to plaintiff.

Reid, J., concurred with Dethmers, J.